```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| UAR GP SERVICES, LLC, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:09-123-JMH |
| | ) |
| v. | ) |
| | ) |
| KENNETH F. HODAK, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
|     Defendants. | ) |

    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court upon Defendants' Motion to Dismiss [Record No. 9] and Renewed Motion to Dismiss [Record No. 16] in which they argue that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. Plaintiff has responded to each motion in turn [Record Nos. 14 and 17], and Defendants have replied in further support of their motions [Record Nos. 15 and 18]. For the reasons which follow, Defendants' Motion shall be granted, and Defendants' Renewed Motion shall be denied as moot.

### I.  Background

Ken Hodak was hired by UAR GP Services, LLC (hereinafter, "UAR GP Services") to be its Chief Executive Officer ("CEO") in May 2006, and his employment was terminated in September 2006. *See* Compl. ¶ 8. As part of his employment, Mr. Hodak received a $100,000 loan, in return for which he signed a promissory note (the

"Note") agreeing to repay the loan, with interest, on June 8, 2008. *Id.* ¶ 9. No payment has been made. *Id.* ¶ 12. In January 2007, following his termination, Mr. Hodak brought suit against UAR GP Services (and others) in this Court, alleging breach of contract, fraud, and violations of Kentucky's wage and hour laws, in a case styled *Hodak v. Madison Capital Management, LLC*, Civil Action No. 5:07-05-JMH (E.D. Ky.). *Id.* ¶ 15. Ultimately, all of Mr. Hodak's claims were dismissed, and on October 31, 2008, this Court awarded UAR GP Services $198,026.75 in fees and non-taxable litigation expenses. The court also awarded UAR GP Services and the other defendants in that action $4,497.37 in taxable costs pursuant to 28 U.S.C. § 1920. *Id.* ¶¶ 16-17.

Following entry of the judgment, Ken Hodak made no payment, and UAR GP Services began collection efforts, including obtaining writs of garnishment from this Court. *Id.* ¶¶ 18, 23. During that time, Ken Hodak transferred his interest in an investment account he owned jointly with his wife through Harvest Financial Corporation, an affiliate of Mesirow Financial, Inc. (the "Mesirow account"). *Id.* ¶¶ 20-26. Defendants explain and no one disputes that Harvest Financial is incorporated in a jurisdiction other than Kentucky and has no offices in the Commonwealth of Kentucky. At the time of the transfer, the account had a value of over $500,000. Compl. ¶¶ 21, 24-25. The only "consideration" Mr. Hodak received in return for transferring his interest in the half-million dollar

-2-

account to Theresa Hodak was a "Waiver of Monetary Rights" by Theresa Hodak, in which she gave up her right to claim any amounts recovered by Ken Hodak his Kentucky litigation with UAR GP Services, even though this Court had already entered a judgment unfavorable to Ken Hodak, the decision of the this Court remained on appeal at the time. *Id.* ¶ 27 & Ex. D.  Since the Complaint in this action was filed, the Sixth Circuit Court of Appeals has reversed and remanded this Court's decision as to Ken Hodak's breach of contract claim in Lexington Civil Action No. 07-05-JMH, and this Court's order and judgment has also been vacated as to Plaintiff's fees, expenses, and costs.

Plaintiff now seeks relief in this Court, alleging that Defendants committed the tort of fraudulent transfer in violation of KRS §§ 378.010 and 378.020 when Ken Hodak transferred his ownership interest in a Harvest Financial Corporation investment account, jointly owned with Theresa Hodak (the "Harvest Account"), to Theresa Hodak.

## II.  Discussion

### A.  Personal Jurisdiction

When a district court reviews a challenge to personal jurisdiction, the "plaintiff bears the burden of establishing that jurisdiction exists." *Jude v. First Nat. Bank of Williamson*, 259 F.Supp.2d 586, 589 (E.D. Ky. 2003).  The burden of establishing jurisdiction "'is relatively slight,'" and UAR GP Services "'must

-3-

make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citation omitted).

Subject matter jurisdiction in this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and the parties do not dispute their diversity. However, a federal district court sitting in diversity "may exercise personal jurisdiction over an out-of-state defendant [such as the Hodaks] only if a court of the forum state could do so." *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). Kentucky's long-arm statute has been interpreted to be coextensive with the limits of the Due Process Clause and, therefore, the exercise of personal jurisdiction over a defendant must comport with due process. *Id*. Under the Due Process Clause, personal jurisdiction may be based on either the concept of general jurisdiction or specific jurisdiction. In this matter, Plaintiff asserts that Defendants are subject to the specific jurisdiction of this Court, and the Court agrees, although it finds itself making a very close call in this regard.[1]

Specific jurisdiction may be exercised over a defendant when the following conditions are met:

---

[1] Plaintiff does not assert that Defendants are subject to general jurisdiction before this Court.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007), *quoting S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). The Sixth Circuit has "characterized this standard as a 'lenient standard' and ha[s] explained that the cause of action need not 'formally' arise from defendant's contacts." *Air Prods.*, 503 F.3d at 553, *citing Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). The Court must determine whether the cause of action was "'made possible by' or 'lie in the wake of'" the Hodaks' contacts, or "whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state." *Air Prods.*, 503 F.3d at 553.

Plaintiffs argue that this Court has specific jurisdiction over the Hodaks because the claims arise from the Hodaks' activities in and directed toward the Commonwealth of Kentucky,

including Ken Hodak's employment in Kentucky, his decision to file a lawsuit in Kentucky, the judgment rendered against him in that suit, the writ of garnishment issued from this Court to Harvest Financial, and efforts made by Defendants to avoid that judgment by means of an arrangement in which Theresa Hodak gave up her rights to any future judgment in a case in Kentucky -- all of which were intended to cause a consequence in Kentucky.

Plaintiff urges the Court to conclude that the matter at bar is similar to that in *Air Prods. & Controls, Inc.*, in which the Sixth Circuit Court of Appeals reversed a district court's holding that a transfer of assets occurring wholly outside the forum state that did not involve entities in the forum state was insufficient to meet the "arising from" prong of the test. Specifically, the Sixth Circuit found that because the transfers would not have occurred but for the defendants' business relationship with a company in the forum state, and a judgment entered against the defendants in the forum state, the acts arose from conduct in the state: "One element of Air Products' cause of action for fraudulent transfer is that there be a debtor-creditor relationship which, as just explained, was made possible by and would not have existed but for" defendants' activities in the forum state. *Id.* Plaintiff's Complaint avers no actions taken in the Commonwealth of Kentucky by the Hodaks in order to accomplish this transfer. Defendants theorize that because the cause of action does not arise

-6-

from any "actions" of the Hodaks' actions in Kentucky, personal jurisdiction does not exist over them in this action. Further, they argue that any exercise of jurisdiction in this case would not be reasonable because Kentucky does not have any interest or has, at best, a very limited interest in resolving the dispute, i.e., enforcing this Court's judgment. *See Aristech*, 138 F.3d at 628.

Certainly, the debtor-creditor relationship between Plaintiff and Ken Hodak arose in Kentucky by virtue of this Court's judgment in the matter of *Hodak v. UAR GP Services*, Lexington Civil Action No. 07-05-JMH, and it arose, thus, in the broadest sense out of the fact of his employment and the resulting hard fought litigation instituted by Ken Hodak in Kentucky with regard to his employment contract. In other words, as the facts played out, the alleged fraudulent transfer would not have come about except as a result of the Kentucky litigation and the Kentucky judgment obtained against Ken Hodak. The Court concludes that, for the purposes of this analysis, that is enough to establish personal jurisdiction over Ken Hodak.

That said, there was never any debtor-creditor relationship between Plaintiff and Theresa Hodak established in the Commonwealth with regard to the litigation between Plaintiff and her husband or, to the best of the Court's knowledge, in any other jurisdiction. Bearing that in mind, the relationship of Theresa Hodak to the Commonwealth – by virtue of her alleged interference with the

fulfillment of a judgment rendered in this jurisdiction by her actions in other jurisdictions — creates only the most attenuated of connections with the Commonwealth.  This attenuated contact which, itself, resulted from the unilateral litigation of her co-defendant, Ken Hodak, does not constitute purposeful availment. Accordingly, the "arising from" prong is established as to Ken Hodak but not as to his wife, Theresa Hodak.  The Court continues its inquiry as to whether it has personal jurisdiction over Ken Hodak in this matter, but concludes that it does not have personal jurisdiction over Theresa Hodak.  The Court shall dismiss the claims against her without prejudice.

When evaluating the third prong of the test, the Court concludes that the first two criteria are met and at least a colorable "inference of reasonableness arises." *Air Prods.*, 503 F.3d at 554.  Having considered the burden on the defendants, the interests of Kentucky, and the plaintiff's interest in obtaining relief, the Court concludes that a balancing of the factors favor the exercise of personal jurisdiction over Ken Hodak in this case, but only slightly.  *See id.*  Certainly, the burden of litigating this matter in this jurisdiction is not excessively burdensome on Ken Hodak.  For nearly three years he has actively litigated in this jurisdiction the matter in which the debt which gives rise to the present claim, albeit the Court notes that he brought that case in the Eastern District of Kentucky because was obligated to do so

by the forum selection clause in his employment contract with Plaintiff. That said, UAR GP Services interest in obtaining relief – and the enforcement of this Court's judgment – would not be thwarted if this Court had no jurisdiction as this lawsuit could be brought elsewhere, including, potentially, Tennessee where Ken Hodak presides. Frankly, this Court's long experience with the lawsuit that resulted in the judgment, now extinguished, that triggered the present action would yield no particular efficiency or economy with regard to the litigation of events that happened in substantial part elsewhere. However, considering the "lenient" standard for determining personal jurisdiction, *Air Prods.*, 503 F.3d at 553, the Court concludes that it would be reasonable to exercise personal jurisdiction over Ken Hodak in this matter.

**B.    Venue**

The Court next turns its attention to his argument that venue is improper in this Court and that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). For the reasons which follow, the Court agrees.

28 U.S.C. § 1391(a), the venue provision applicable to this action, provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

>situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In this instance, Ken Hodak does not reside in the Commonwealth of Kentucky, there exist other jurisdictions in which this action might have been brought, i.e., Tennessee, where Hodak resides, and there is no substantial part of any property that is the subject of this action which is situated in Kentucky.  Thus, the only question remaining is whether a substantial part of the events or omissions giving rise to the clam occurred in the Commonwealth of Kentucky.  In considering this issue, the Court is mindful that the statute contemplates that venue may be proper in *any* jurisdiction, i.e., in more than one jurisdiction, so long as a substantial part of the events or omissions giving rise to the claim occurred in those jurisdictions. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 264 (6th Cir. 1998).  See *Cottman Transmission Sys., Inc., v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (noting that "substantiality" requirement provides the venue statute with a limiting principle).

Plaintiff does not allege that the request to transfer the ownership interest in the Harvest Account was not initiated from Kentucky or directed to anyone in Kentucky. Further, there is no allegation that the funds in the Harvest Account were physically maintained in Kentucky.  The only connection to the Commonwealth is the fact that Plaintiff obtained the judgment against Ken Hodak and

-10-

the issuance of a writ of garnishment to Harvest Financial Corporation from this Court in this jurisdiction. Considering this matter as a whole, the Court concludes that these are not "substantial" acts or omissions with regard to Plaintiff's claim of fraudulent transfer as required by 28 U.S.C. § 1391(a). Certainly, the fact that Plaintiff obtained a judgment and, thus, established a judgment creditor status with regard to Defendant, is necessary to its claim. In reality, however, that judgment became a portable thing once it was obtained, susceptible to domestication and efforts at enforcement, including the issuance of writs of garnishment, in other jurisdictions.[2] This is particularly meaningful in light of the fact that neither KRS § 378.010 or § 378.020 require that the creditor hold a judgment from a particular jurisdiction (or even hold a judgment, in particular). Consequently, the Court concludes that the Eastern District of Kentucky is not a district in which a substantial part of the events or omissions taken by Ken Hodak (or, for that matter Theresa Hodak) with regard to the particular claim of fraudulent transfer

---

[2] As no one has asked the Court to consider whether the writ of garnishment was effective, the Court stops short of determining whether the writ of garnishment directed to the investment company in question could have been enforced with regard to the account which was transferred by the Hodaks but remarks that neither the company to whom the writ was directed nor the account were located in Kentucky. Certainly, Plaintiff could and, perhaps, should have domesticated the judgment obtained in this Court in a jurisdiction where they were located.

occurred, and the claims against Ken Hodak shall be dismissed without prejudice for this reason.

### III. Conclusion

For all of the reasons stated above, the Court shall grant Defendants' Motion to Dismiss. Personal jurisdiction does not exist with regard to this matter in this Court as to Theresa Hodak, and this Court is not the proper venue for the remaining claims against Ken Hodak. Further, Defendants' Renewed Motion to Dismiss this matter on the grounds that Plaintiff's claim was rendered moot by virtue of the decision and mandate issued by the Sixth Circuit Court of Appeals in Lexington Civil Action No. 07-05-JMH shall be dismissed as moot as the Court need not reach the issues raised in that motion to afford Defendants the relief they seek.

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motion to Dismiss [Record No. 9] shall be, and the same hereby is, **GRANTED**;

(2) that Defendants' Renewed Motion to Dismiss [Record No. 16] shall be, and the same hereby is, **DENIED AS MOOT**; and

(3) that Plaintiff's claims against Defendants in this matter shall be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE**; and

(4) that this matter shall be, and the same hereby is, **STRICKEN FROM THE ACTIVE DOCKET.**

This the 31st day of March, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge